IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH PAUL BUSH,<br><br>     Petitioner,<br><br><br><br><br><br><br><br>     vs.<br><br><br>THE UNITED STATES OF AMERICA, et al.,<br><br>     Respondents. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION FOR SERVICE OF PROCESS, DENYING PETITIONER'S MOTION TO APPOINT COUNSEL, AND DISMISSING PETITIONER'S CASE<br><br><br><br><br>Case No. 2:08-CV-163 TS |

     Petitioner, Kenneth Paul Bush, has filed with the Clerk of the Court a *pro se* complaint.[1]

Petitioner includes several motions in his filing.  Petitioner has also filed separately a Motion for

Subpoena Duces Tecum[2] and a Motion for Service of Process.[3]  Petitioner's motion to proceed *in*

---

     [1]Docket No. 3.  Petitioner styled the document filed as a Motion for Preliminary Injunction, however, the Court construes it as a Complaint.

     [2]Docket No. 4.

     [3]Docket No. 5.

*forma pauperis* has been granted.[4]

The Court has completed the screening process set forth under 28 U.S.C. § 1915.  Having reviewed the pleadings in the file and being otherwise fully informed, the Court will deny Petitioner's Motion for Preliminary Injunction, the various motions included within that filing, his Motion for Subpoena Duces Tecum, his Motion for Service of Process, and will dismiss this case.

I.      STANDARD

Under § 1915(e)(2)(B), the Court may dismiss Petitioner's Complaint if it is frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.[5]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[6]  "A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[7]  "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[8]  This means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

---

[4]Docket No. 2.

[5]28 U.S.C. § 1915(e)(2)(B).

[6]*Perkins v. Kan. Dept. of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999).

[7]*Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[8]*Id*. at 1110.

do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."[9]  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[10]  With these standards in mind, the Court will attempt to address the causes of action set out in Petitioner's Complaint.

## II.     PETITIONER'S COMPLAINT

Petitioner's Complaint runs 328 pages and lists forty-four separate respondents.  While much of the Complaint appears to be social commentary, the Court attempts to construe cognizable claims as much as possible.  Petitioner alleges retaliatory behavior by the Salt Lake City and South Salt Lake Police Departments, which the Court construes as a claim under 42 U.S.C. § 1983.  Petitioner attempts to appeal his California conviction for possession of child pornography.  Petitioner appears to allege that various California respondents deprived Petitioner of his rights because of the treatment he received while incarcerated in California, which the Court construes as a claim under 42 U.S.C. § 1983.  Petitioner also appears to assert a petition for habeas corpus under 28 U.S.C. § 2254.  The Court construes Petitioner's complaint to include several other motions, including: 1) a request for certain information from the government; 2) a motion to nullify certain treaties; 3) a motion to appoint counsel; and 4) a motion to amend.

## III.    APPEAL OF CALIFORNIA CASE

"In order for a federal district court to retain jurisdiction over a defendant, the court must

_____

[9] *Id.*

[10] *Id.*

3

have subject-matter jurisdiction over the cause of action and personal jurisdiction over the defendant.[11]  "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari."[12]  "Section 1257(a) thus implicitly deprives lower federal courts of subject matter jurisdiction to entertain cases that would entail review of decisions rendered by state courts."[13]

The Court is left to assume that Petitioner's California case resulted in a conviction for possession of child pornography, and it does not appear that Petitioner exhausted the appeals process in the lower California court.  In any case, this Court does not have subject matter jurisdiction to review decisions rendered by a California state court.  Therefore, Petitioner's attempted appeal of his California conviction is not properly before this Court.

As for the § 1983 and § 2254 claims, the Court has subject matter jurisdiction under 28 U.S.C. § 1331.[14]

IV.    SECTION 1983 CLAIMS

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[15]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power

---

[11]*Browning v. Salmon*, 143 Fed. Appx. 917, 918 (10th Cir. 2005).

[12]28 U.S.C. § 1257(a).

[13]*Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).

[14]28 U.S.C. § 1331 states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[15]*West v. Atkins*, 487 U.S. 42, 48 (1988).

4

'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[16]  However, "[f]ederal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies . . . To satisfy the Article III case or controversy requirement, a litigant must have suffered some actual injury that can be redressed by a favorable judicial decision."[17]

### 1.  *Retaliation Claim*

The Court construes Petitioner's retaliation claim as a § 1983 claim against the Salt Lake Police Department.  Petitioner asserts that the "Salt Lake City Police, the City Council and/or the state offices of Vocational Rehabilitation"[18] will retaliate against him for speaking out at public meetings because he is a registered sex offender.  However, Petitioner does not name any of those entities as respondents.  Notwithstanding this omission, Petitioner does not cite any evidence that retaliation has actually occurred, but rather states that an emergency injunction must be issued so Petitioner will be able to speak freely and publicly "while promulgating freedom and Constitutional Supremacy against the arbitrary and pathological global tyranny in its relentless attempt to overthrow America, while employing all of its quises [sic], the facades of freedom, law, patriotism and economic development[.]"[19]  The Court finds that Petitioner has not met his burden under Article III of demonstrating that any injury has actually occurred, therefore, there is no actual case or controversy before the Court with respect to Petitioner's retaliation

---

[16]*Id*. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941).

[17]*Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1263 (10th Cir. 2004) (citations omitted).

[18]Pl.'s Cmplt. at 8.

[19]*Id.* at 9.

claims.

The only potential injury that the Court can ascertain Petitioner complains of is that a sergeant from the Salt Lake City Police Department told Petitioner he has to register as a sex offender. The Court assumes, based on Petitioner's statements in his pleading, that he was convicted of possession of child pornography. Pursuant to Utah law, sex offenders are, in fact, required to register.[20] Therefore, the statement of the sergeant could not be retaliation for speaking out in a public meeting. For both of the foregoing reasons, the Court finds Petitioner's retaliation claim to be without merit.

Petitioner also alleges that requiring him to register as a sex offender is a violation of the Ex Post Facto Clause of the Constitution. However, the Tenth Circuit has squarely addressed this issue, stating that "Utah's notification scheme imposes only a civil burden upon sex offenders and therefore does not run afoul of the Ex Post Facto Clause."[21] Petitioner's Ex Post Facto argument is also without merit.

### 2.   *Treatment while incarcerated in California*

Petitioner alleges that he was mistreated while incarcerated in California, naming several California parties as respondents, including the State of California, the Attorney General of California and various Orange County entities.

"In a federal question case, the federal court must determine: 1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant; and 2)

---

[20] Utah Code Ann. § 77-27-21.5.

[21] *Femedeer v. Haun*, 227 F.3d 1244, 1253 (10th Cir. 2004).

whether the exercise of jurisdiction comports with due process."[22]  Petitioner carries the burden of establishing personal jurisdiction over Respondent.  No federal statute exists that authorizes nationwide personal jurisdiction for a § 1983 claim, thus, under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, the Court turns to the Utah long-arm statute to evaluate personal jurisdiction for the relevant respondents.[23]  However, "[i]t is frequently helpful to undertake the due process analysis first, because any set of circumstances that satisfies due process will also satisfy the long-arm statute."[24]

To satisfy the constitutional requirement of due process there must be "minimum contacts" between the defendant and the forum state.[25]  The "minimum contacts" standard may be met by a finding of either general jurisdiction or specific jurisdiction.  When the "defendant has 'purposely directed' his activities at residents of the forum," courts in that state may exercise specific jurisdiction in cases that "arise out of or relate to those activities."[26]  In order for the Court to find specific jurisdiction, there must be "some act by which the defendant purposefully avails of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."[27]

---

[22]*Springer v. Balough*, 232 F.3d 902, *1 (10th Cir. 2000).

[23]*See id.*

[24]*Systems Designs, Inc. v. New Customward Co.*, 248 F.Supp. 2d 1093, 1097 (D. Utah 2003).

[25]*World-Wide Volkswagen Co. v. Woodson*, 444 U.S. 286, 291 (1980).

[26]*Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985).

[27]*Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citation omitted).

For general jurisdiction to exist, "'the defendant must be conducting substantial and continuous local activity in the forum state.'"[28] A number of factors are relevant to the issue of whether general personal jurisdiction exists, including whether the defendant is: (1) engaged in business in this state; (2) licensed to do business in this state; (3) owning, leasing, or controlling property or assets in this state; (4) maintaining employees, offices, agents, or bank accounts in this state; (5) shareholders reside in this state; (6) maintaining phone or fax listings within this state; (7) advertising or soliciting business in this state; (8) traveling to this state by way of salespersons; (9) paying taxes in this state; (10) visiting potential customers in this state; (11) recruiting employees in the state; and (12) generating a substantial percentage of its national sales through revenue generated from in-state customers.[29]

If the Court finds that the Defendant had adequate minimum contacts with the forum state, the Court must also determine that personal jurisdiction is reasonable in light of the circumstances surrounding the case, or, in other words, that exercising jurisdiction would not offend traditional notions of "fair play and substantial justice."[30]  "Courts consider the following factors to decide whether exercise of jurisdiction is reasonable: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering

[28]*Soma Med. Intern. v. Standard Chartered Bank*, 196 F.3d 1292,1295 (10th Cir. 1999) (quoting *Arguello v. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)).

[29]*Id*. at 1295–96 (citing *Buddensick v. Stateline Hotel, Inc.*, 972 P.2d 928, 930–31 (Utah Ct. App. 1998)).

[30]*Burger King*, 471 U.S. at 476.

fundamental substantive policies."[31]

The Court finds that the California respondents are not subject to personal jurisdiction in this state.  The actions complained of occurred exclusively within California, the named defendants did not purposefully avail themselves of any privilege that would subject them to jurisdiction in this forum.[32]  Further, requiring corrections officers to travel to this forum would offend traditional notions of fair play and substantial justice.  Corrections officers carrying out their duties in one state are not subjected to personal jurisdiction in any forum just because inmates may elect to bring suit.[33]  Therefore, the Court finds that the respondents implicated in Petitioner's § 1983 claim regarding his incarceration in California are not subject to personal jurisdiction in this forum and this claim is dismissed.

V.      SECTION 2254 CLAIM

An application for a writ of habeas corpus in behalf of a person in custody will be entertained by a district court if the applicant has exhausted the remedies available in the court of the State.[34]  However, in any case, a § 2254 petition must be filed prior to the expiration of a state court conviction.[35]

---

[31]*Bell Helicopter Textron, Inc. v. Heliqwest Intern., Ltd.*, 385 F.3d 1291, 1296 (10th Cir. 2004).

[32]*See Trujillo v. Williams*, 465 F.3d 1210, 1220 (10th Cir. 2006) (holding that the defendant's contacts with the forum state, rather than contact with a resident of a forum state, is the central concern when evaluating personal jurisdiction).

[33]*See id.*

[34]28 U.S.C. § 2254(a), (b)(1).

[35]*See Broomes v. Ashcroft*, 358 F.3d 1251, 1256, n.2 (10th Cir. 2004).

Here, Petitioner styles his case as, among other things, a "habeas corpus case."[36]
Petitioner appears to assert ineffective assistance of counsel with respect to his California case
that resulted in his conviction for possession of child pornography.  The Court is unable to
determine if Petitioner has properly exhausted his state remedies such that a federal court could
properly entertain his habeas petition under 28 U.S.C. § 2254.  Further, Petitioner is no longer in
custody.  While the Tenth Circuit has not squarely addressed whether registration on a sex
offender registry places a petitioner in custody, the Ninth Circuit has "held that merely being
subject to a sex offender registry requirement does not satisfy the 'in custody' requirement after
the original rape conviction has expired."[37]  Therefore, because Petitioner is no longer in custody,
having already completed his sentence in California, as the Court must assume from Petitioner's
statements, Petitioner does not meet the custody requirement for bringing a habeas suit and this
claim is dismissed.

VI.     VARIOUS MOTIONS WITHIN THE COMPLAINT

Petitioner makes several motions within, and ancillary to, his Complaint, including a
motion for subpoena duces tecum,[38] a motion for service of process, a motion to appoint

---

[36] Pl.'s Cmplt. at 96.

[37] *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001).

[38] Petitioner captions his motion as a "Motion for Plaintiff's Forensic Exam" and titles the
document a "Motion to For [sic] Subpoena Duces Tecum."  This motion was filed separately as
Docket No. 4.

counsel,[39] a motion to "deconstruct the fascist command economy's media monopolies,"[40] and a motion "to invoke Courts [sic] power to nullify treaties detrimental to the People of the United States, and a clear danger the [sic] her very existence."[41]

### 1.    Motion to Appoint Counsel

"There is no constitutional right to appointed counsel in a civil case."[42]  Further, "[t]he appointment of counsel in a civil case is left to the sound discretion of the district court."[43]  As previously discussed, the Court dismisses all cognizable claims that Petitioner has asserted. Thus, the above-referenced motions, as well as any others that the Court may have overlooked or otherwise failed to appreciate Petitioner's intent in making, are moot.  The assistance of counsel would not alter this determination.  The Court denied Petitioner's motion to appoint counsel.

### 2.    Motion for Subpoena Duces Tecum

Whenever the court authorizes a party to proceed without the prepayment of fees under the *in forma pauperis* statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious."[44]  The United States Supreme Court has construed the term "frivolous" within the context of the *in forma pauperis*

---

[39]Petitioner requests "authorization to recruit legal interns from S.J. Quinney or J. Ruben [sic] Clark Law Schools and/or receive consulting assistance from counsel, whether pro Bono, [sic] or fee to be paid by the court."  The Court construes this as a motion to appoint counsel.

[40]Pl.'s Cmplt. at 65.

[41]Id. at 68.

[42]*Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1988) (per curiam).

[43]*Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[44]28 U.S.C. § 1915(e)(2)(B)(i).

statute to embrace "not only the inarguable legal conclusion, but also the fanciful factual allegation."[45]  Thus, the court may dismiss claims describing "fantastic or delusional scenarios[.]"[46]

Petitioner's motion alleges that he is being subjected to surveillance by "the Government, Contractors, Telephone companies, Internet Service Providers, the fbi [sic], the cia [sic], the military[.]"[47]  He asserts that these entities have employed "biological, nano, or any mechanized or technological means . . . to commit the crimes of remote, technological burglary and destruction of evidence."[48]  Petitioner asserts that the caller ID entry from aforementioned phone call from the Salt Lake City Police Department was erased.  Petitioner asserts that he "would not have erased the records of the call as he counted on them for evidence in the related motion he made to the court . . . [alleging] retaliatory enforcement."[49]

The Court finds that Petitioner's motion is frivolous and based on fanciful factual allegations.  The Court finds the factual allegations in this motion to describe fantastic and delusional scenarios, rising "to the level of the irrational or wholly incredible."[50]  This motion is denied.  For the same reasons, Petitioner's motions regarding the fascist economies and the nullification of treaties are also denied.

---

[45]*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[46]*Id*. at 328.

[47]Docket No. 4 at 1.

[48]*Id*. at 1-2.

[49]*Id*. at 2.

[50]*Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

       3.     Motion for Service of Process

The Court finds that because Petitioner's complaint and all related motions are without merit, the motion for service of process is moot.

VI.     CONCLUSION

For all of these reasons, the Court concludes that Petitioner's complaint should be dismissed and that amendment would be futile.  It is therefore

ORDERED that Petitioner's Motion for Preliminary Injunction (Docket No. 3), Motion for Subpoena Duces Tecum (Docket No. 4) and Motion for Service of Process (Docket No. 5) be denied.  The Clerk of this Court is directed to close this case forthwith.

DATED   March 17, 2008.

BY THE COURT:

_____

TED STEWART
United States District Judge

13